■ In the Matter of FISCHBACH AND MOORE, INCORPORATED, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered December 23, 1991, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's award of a certain contract to a competitor of petitioner's, and dismissed the petition, unanimously affirmed, without costs.

Petitioner and other contractors submitted proposals for a Transit Authority project pursuant to the procedures set forth in Public Authorities Law § 1209 (9) (f), which differ from the usual competitive bidding in that after the submission of initial bids, each bidder may negotiate price reductions with the public authority, and thereafter submit its best and final offer. Although all of the initial bids became known to the bidders, allegedly through a "leak", petitioner and the other bidders continued to participate in the bid selection process. Indeed, petitioner admits that its continued participation was based on the expectancy that having been the lowest initial bidder, it would be awarded the contract. Petitioner only objected when another party ultimately bid a lower price, and was awarded the contract.

The fact that petitioner continued to participate in the bidding process, although not amounting to an estoppel, indicates that there was no procedural unfairness. Despite the "leak", all of the bidders had an opportunity to submit better proposals after negotiating with the public authority. Indeed, the winning bidder's best and final offer was lower than petitioner's not because it was slashed based upon knowledge of the initial bids, but because it proposed innovations in the

scope and performance of the work. Accordingly, we cannot say that the process was so tainted as to require rejection of the award of the contract to the winning bidder.

We have considered the remaining arguments including that one member of the Authority's Selection Committee worked for the winning bidder some 20 years ago in a low-level position and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.